IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **DONALD GREEN,** § | |
| Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:06-CV-361-Y |
| § | |
| **NATHANIEL QUARTERMAN, Director,** § | |
| **Texas Department of Criminal Justice,** § | |
| **Correctional Institutions Division,** § | |
| Respondent. § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

#### B. PARTIES

Petitioner Donald Green, TDCJ-ID #287453, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Huntsville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ).

C. PROCEDURAL HISTORY

Green is currently serving s sixty-year sentence for his 1978 murder conviction in cause number 7492 in the 29th Judicial District Court of Palo Pinto, Texas. (Petition at 2; Resp't Answer at 1.) Green was previously released on parole, which was apparently revoked in 1999. (Petition at 5.) Green alleges that he is entitled to restoration of his forfeited good time credits and additional good time credit under the Prison Management Act. (*Id*. at 7.) In 2003 Green pursued time credit dispute resolution through TDCJ's administrative process, however, on January 15, 2004, TDCJ determined that there was no error in his time credit calcuation. (Pet'r Memorandum in Support, Exhibit A.) He filed a state habeas application on February 10, 2006, raising his time-credit claims, which was dismissed by the Texas Court of Criminal Appeals pursuant to § 501.0081(b) of the Texas Government Code. *Ex parte Green*, Application No. WR-64,271-01, at cover. Green filed this federal petition on May 24, 2006.[1]

D. RULE 5 STATEMENT

Quarterman asserts that Green's petition should be dismissed with prejudice as barred by the statute of limitations or, in the alternative, that the petition should be dismissed for failure to exhaust state remedies as required by § 2254(b)(1), (c). (Resp't Answer at 2.)

E. STATUTE OF LIMITATIONS

28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

---

[1] A prisoner's pro se habeas petition is deemed filed when it is handed over to prison authorities for mailing. *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

In the context of this case, subsection (D) governs when the limitations period begins to run, *viz.*, the date on which a petitioner could have discovered, through the exercise of due diligence, the factual predicate of his claims.  *See Redd v. McGrath*, 343 F.3d 1077, 1084 (9th Cir. 2003); *Wade v. Robinson*, 327 F.3d 328, 333 (4th Cir. 2003); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 280 (2d Cir. 2003); *Heiser v. Johnson*, 263 F.3d 162 (5th Cir. 2001) (Table, No. 00-14008); *Torres v. Dretke*, No. 4:04-CV-339-A, 2004 WL 2032168 at *2 (N.D. Tex. Sep. 10, 2004) (not designated for publication); *Biggins v. Dretke*, No. 3:03-CV2005-P, 2004 WL 1898255, at *2 (N.D. Tex. Aug. 24, 2004) (not designated for publication); *see also Kimbrell v. Cockrell*, 311 F.3d 361, 3363-64 (5th

Cir. 2002) (applying 2244(d)(1)(D) in prison disciplinary case resulting in loss of good time credits). Presumably, Green knew, or could have discovered through due diligence, on the date his parole was revoked, or shortly thereafter, that he was not entitled to and/or would not receive the good time credits he claims he is entitled. Allowing Green the benefit of every doubt, Quarterman asserts Green could have known or discovered that he would not be credited with the various good time credits on the date TDCJ reached its final certification decision in the time credit dispute resolution process on January 15, 2005. (Resp't Answer at 4.) Assuming, without deciding, that Quarterman is correct, the statute of limitations began on January 15, 2005, and closed one year later on January 15, 2006, subject to any applicable tolling.

Green's state habeas application, filed on February 10, 2006, after the statute of limitations had already expired did not operate to toll the running of the federal period for purposes of § 2244(d)(2). *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nor has Green alleged or demonstrated that he is entitled to tolling as a matter of equity, which is available only in rare and exceptional circumstances when an extraordinary factor beyond the petitioner's control prevents him from filing in a timely manner. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). In an attempt to excuse his delay, Green argues that he is challenging TDCJ's decision regarding his good time credits, not his conviction. (Pet'r Reply at 5-7.) This begs the issue. Green must explain why he waited to seek post-conviction state and federal habeas relief. Without such an explanation, there is no basis for statutory or equitable tolling.

## II.  RECOMMENDATION

Green's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

4

### III.  NOTICE OF RIGHT TO OBJECT TO PROPOSED
### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document.  The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until March 28, 2007.  The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made.  *See* 28 U.S.C. § 636(B)(1).  Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until March 28, 2007, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 7, 2007.

   /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE